UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 10-20695 (ASD) |
| MATTHEW M. DAMIANO, | |
| DEBTOR | CHAPTER 7 |
| | |
| JOSEPH C. BLANCHETTE, | |
| PLAINTIFF | ADV. PRO. NO. 10-02087 |
| v. | |
| | RE: ECF NO. 46 |
| MATTHEW M DAMIANO, | |
| DEFENDANT | |

APPEARANCES:

Patrick Tomasiewicz, Esq.                    Attorney for Plaintiff
Fazzano Tomasiewicz and Barall
96 Oak Street
Hartford, CT 06106

Robert F. Cohen, Esq.                         Attorney for Debtor - Defendant
Robert F. Cohen, LLC
580 Broad Street
Bristol, CT 06010

**MEMORANDUM OF DECISION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I. INTRODUCTION

In this adversary proceeding Joseph C. Blanchette (hereinafter, the "Plaintiff") seeks to have declared non-dischargeable pursuant to Bankruptcy Code Sections 523(a)(2)(A) (Count One - False Statements) and §523(a)(4) (Count Two - Fiduciary Defalcation) a judgment debt owed to him by the Debtor-Defendant Matthew M. Damiano (hereinafter, the "Debtor"), as well as a denial of the discharge pursuant to §727(a)(4)(A) (Count Three - false oath). Presently before the Court is the *Plaintiff's Motion for Summary Judgment* (hereinafter, the "Motion"), ECF No. 46, through which the Plaintiff, *inter alia*, seeks summary judgment as to Count One under principles of collateral estoppel.

For the reasons which follow, the Motion will be granted in part as to Count One, and denied in all other respects.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(I).

## III. PROCEDURAL BACKGROUND

The Debtor, on March 5, 2010, commenced the captioned bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. The Plaintiff, on June 3, 2010, commenced the captioned adversary proceeding by filing a complaint seeking to

have the balance of a State Court Judgment held nondischargeable under §523(a)(2)(A) and (a)(4), and to deny the Debtor a discharge under §727(a)(4).

On April 5, 2013, the Plaintiff filed a *Motion for Summary Judgment* (hereinafter, the "April Motion"), ECF No. 40, which the Court denied on September 23, 2013. Addressing the April Motion, the Court noted, *inter alia*,

> that (i) the Plaintiff in the Motion and supporting Memorandum, has alleged no facts which would support, by summary judgment or otherwise, a denial of the discharge pursuant to §727(a)(4), (ii) the Plaintiff's supporting Memorandum, *see* ECF No. 42, pp. 6-7, relies principally on an assertion of nondischargeability pursuant to §523(a)(6), a basis for relief not claimed in the Complaint, and for Summary Judgment purposes, with all reasonable inferences to be drawn, and all ambiguities resolved in favor of the non-moving party, *see* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) the Plaintiff has fallen woefully short of meeting his burden of showing that there are no material facts in dispute.

Margin Order dated September 23, 2013, ECF No. 44.  The Plaintiff states that, in filing the present Motion, he has "heeded the Court's advice and filed a new motion for summary judgment alleging that this debt should be deemed nondischargeable under §523(a)(2)(A) as it was acquired fraudulently".  Plaintiff's Memorandum at 3.

On November 13, 2013, the Debtor filed the present Motion, his *Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment* (heretofore and hereinafter, the "Plaintiff's Memorandum"), ECF No. 50, and his statement of undisputed facts, the *Local Rule 56(a)1 Statement* (hereinafter, the "Rule 56(a)1 Statement"), ECF No. 49.  The Plaintiff argues that the doctrine of collateral estoppel precludes relitigation of the State Court's findings of "intentional misrepresentation and fraud." Tr.[1] at 6 (ECF No. 50 at 54).

---

[1] As used herein, "Tr." refers to the transcript of the October 21, 2005 proceedings in the State Court.

In response to the *Motion,* the Debtor filed the *Defendant's Objection to the Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support Thereof* (hereinafter, the "Objection"), ECF No. 51; but did not file a Local Rule 56(a)2 Statement of alleged disputed facts. The Objection argues only that the state court judgment had made no finding of the malice required for a debt to be held nondischargeable under §523(a)(6) as a debt for "willful and malicious injury." This argument is unavailing; as the Court indicated in its earlier Margin Order, quoted *supra*, denying the April Motion, §523(a)(6) was not a basis for relief sought in the Complaint.

### III.  FACTUAL BACKGROUND

The Plaintiff and the Debtor had been co-owners of a bar. The Plaintiff alleged that he was induced to invest in the bar in reliance on certain false representations made by the Debtor. The parties had a falling-out and the Plaintiff brought an action against the Debtor in Connecticut Superior Court (hereinafter, the "State Court") asserting twelve claims for relief. The State Court judge, on October 21, 2005, entered judgment against the Debtor, and read into the record his memorandum of decision, stating, inter alia:

> "The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." It's a quotation from *Miller v. Appleby*, at 183 Conn. 51 pages 54 to 55.
>
> The plaintiff has prove[n] his case for intentional misrepresentation and fraud. . . .

Tr. at 7 (ECF No. 50 at 54).

The State Court awarded damages as follows:

4

| | |
|---|---|
| $29,843.08 | for "monies the plaintiff paid as the result of the representations" of the Debtor; |
| 5,000.00 | "for negligent infliction of emotional distress;" |
| 650.00 | "for the double paycheck to [the Debtor] on May 12, 2001;" and |
| 8,000.00 | for plaintiff's "attorney's fees." |

See Tr. at 10-11 (ECF No. 50 at 57-58).

## V.  DISCUSSION

### A.  *Summary Judgment Standards*

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 56(a) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056). " I n considering a motion for summary judgment, the court does not decide questions of fact, but determines only whether, after resolving any ambiguities and drawing all reasonable inferences in favor of the nonmovant, a genuine issue exists for trial." *Cadle Co. v. DiFabio* (*In re DiFabio*), 314 B.R. 281, 285 (Bankr. D.Conn. 2004). "It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Even where the respondent has not filed a Rule 56(a)2 Statement, the movant must establish his *prima facie* case before the burden of production shifts to the respondent. *Id.* at 244. The Court "may not rely solely on the statement of undisputed facts contained in the moving party's [Local] Rule 56[(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion," *Id.*

> [Under Fed. R. Civ. P. 56] the failure to respond to the motion does not alone discharge the burdens imposed on a moving party.  Under Rule 56[(a)], in addition to showing the absence of a genuine issue of material fact, the moving party must show that he is "entitled to a judgment as a matter of law."

5

> Fed.R.Civ.P. 56[(a)]. Although the failure to respond may allow the district court to accept the movant's factual assertions as true, *see* [D.Conn L.Civ.R. 56(a)(1)], the moving party must still establish that the undisputed facts entitle him to "a judgment as a matter of law," *see Champion,* 76 F.3d at 486. Accordingly, we emphasize that courts, "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir.1993).

*Id.* at 246.

## B.   *Collateral Estoppel*

The Plaintiff argues that there can be no genuine dispute as to the material facts because the state court judgment, awarding damages as a result of the Debtor's fraudulent misrepresentation, is entitled to collateral estoppel effect in the present proceeding.

The doctrine of collateral estoppel is applicable to nondischargeability proceedings under §523(a). *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984). Under Connecticut law,

> Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.
> An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. If . . . the judgment is not dependent upon the determination of the issue, the parties may relitigate the

issue in a subsequent action.

Jackson v. R.G. Whipple, 225 Conn. 705, 714-15 (1993) (citations, quotation marks and emphases omitted).

The Court finds that the state court judgment satisfies each of these criteria and is therefore entitled to collateral estoppel effect in the present proceeding on the issue of the nondischargeability under §523(a)(2)(A) of the damages awarded for the Debtor's fraud.

As to whether the issue determined in the state court proceeding was identical to the present issue, this Court has held that: "The elements of dischargeability under Section 523(a)(2)(A) are essentially the same as the elements of fraud under Connecticut law." *In re Bugnacki*, 439 B.R. 12, 25 (Bankr. D.Conn. 2010). The underlying state court action involved both of the parties to the present proceeding, the issue of the Debtor's fraudulent misrepresentation was raised in the state-court complaint and was actually litigated in the state-court action. The state-court judge entered a final judgment.[2]

The resolution of the issue of fraud was also necessary to the decision rendered by the state court. Observing that, under Connecticut law, findings of intentional and negligent misrepresentations are "mutually exclusive," the state court specifically found that "the misrepresentations were not made negligently." Tr. at 6. Thus its determination that the misrepresentations were intentional, and therefore fraudulent, was necessary to its award of $29,843.08 to the Plaintiff as restitution for his out-of-pocket losses incurred as a direct consequence thereof.

### C.    *Amount of Nondischargeable Debt*

---

[2]  Debtor thereafter filed an appeal which was dismissed in 2006.

In light of the forgoing discussion, it is clear that the state court's award of damages of $29,843.08 under the "First Count (Fraud)" of the state complaint is nondischargeable under §523(a)(2)(A). This was the out-of-pocket loss actually incurred by the Plaintiff as a direct result of the Debtor's fraudulent representations.

The state court judgment also includes $5,000 for negligent infliction of emotional distress, $8,000 for Plaintiff's attorney's fees, and $650 for a "double paycheck" paid to the Debtor. The Supreme Court has broadly construed the amounts that may be included in a debt held nondischargeable under §523(a)(2)(A):

> In short, the text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or ... credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212, 1219 (1998).

In finding the Debtor liable for the negligent infliction of emotional distress, the state court held that the Plaintiff had not met his burden of proof that the Debtor intended to inflict the emotional distress, but it found that "the plaintiff has proven that the defendant's actions and his representations leading the plaintiff to part with his money and jeopardize his financial affairs satisfied the four requirements of this [negligent infliction of emotional distress] cause of action." Thus, the $5,000 in damages awarded for negligent infliction of emotional distress was also a debt that arose from the Debtor's fraudulent misrepresentations and, in accordance with *Cohen's* expansive interpretation of the scope of §523(a)(2)(A), is nondischargeable thereunder. Similarly, when the underlying judgment arises from the Debtor's fraud, an award of attorney's fees also falls within the scope of

8

§523(a)(2)(A)'s exception to discharge. *Id.*

The state court also awarded $650 for a "double paycheck" to the Debtor. The payment of the "double paycheck" concerns circumstances and issues distinct from the fraudulent misrepresentations discussed *supra*, and the doctrine of collateral estoppel is not applicable thereto.

Under the doctrine of collateral estoppel, $42,843.08[3] of the $43,493.08 judgment was a debt for fraud excepted from discharge under §523(a)(2)(A). The Plaintiff has asserted, and the Debtor has not disputed, that the unpaid balance of the judgment debt, as of the Petition Date, was $31,127.14. Of such amount, $30,661.94[4] is non-dischargeable, as a matter of law, under §523(a)(2)(A), and the Plaintiff is entitled to summary judgment thereto.

## VI. CONCLUSION AND ORDER

In accordance with the forgoing discussion, the Plaintiff's Motion for Summary Judgment, ECF No. 46, is **GRANTED** in part and **DENIED** in part, in accordance with which:

**IT IS HEREBY ORDERED** that:

1) the Motion is **GRANTED** in that the judgment debt is hereby determined to be nondischargeable pursuant to §523(a)(2)(A) to the extent of $30,661.94 – a judgment to this effect enters simultaneously herewith, and

---

[3] $43,493.08 (Total) - 650.00 (for "double check") = 42,843.08 = 29,843.08 (for Fraudulent Misrepresentation) + 5,000.00 (for Emotional Distress) + 8,000.00 (for Attorney's Fees).

[4] Unpaid Balance / Original Amount = 31,127.14 / 43,493.08 = 71.568%. Nondischargeable Balance = 71.568% of 42,843.08 = 30,661.94.

2) the Motion is **DENIED** as to the request for a determination of nondischargeability under §523(a)(2)(A) of the judgment debt for the "double paycheck;" and

**IT IS FURTHER ORDERED** that on or before June 20, 2014, the Plaintiff shall file with the Court, and serve upon the Debtor, a Notice of Election stating whether or not the Plaintiff elects to continue to prosecute to trial those Counts and Claims for Relief in the Complaint not resolved by this Memorandum and Order in which event the Court shall determine and set an appropriate trial date.

Dated: May 28, 2014                                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge